**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHEMARIAH DEROUX, | |
| Plaintiff, | |
| v. | Civil Action No. |
| BOBBCAT FILMS, LLC, OWN: OPRAH WINFREY NETWORK LLC, and SHANE JOHNSON aka SHANE JOHNSON-BOBB | _____ |
| Defendant. | |

## <u>AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT</u>

COMES NOW, SHEMARIAH DEROUX (hereinafter referred to as "Plaintiff"), by and through their attorney Natalie K. Howard, and hereby files the Complaint against Defendants Bobbcat Films, LLC, OWN: OPRAH WINFREY NETWORK LLC, and Shane Johnson a/k/a Shane Johnson-Bobb (collectively, "Defendants"), and alleges as follows:

## <u>INTRODUCTION</u>

1. This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., arising from Defendants'

unauthorized use, production, reproduction, distribution, and public

performance of Plaintiff's copyrighted work titled *The Christmas Bachelor*

(hereinafter the "Work").

2.  Plaintiff seeks injunctive relief, damages, including statutory damages

and/or actual damages, and attorneys' fees and costs as provided by law.

3.  All conditions precedent have been complied with to file these claims.

4.  Due to Defendants actions, Plaintiff was forced to hire this firm to represent

her.

## PARTIES

5.  BOBBCAT FILMS, LLC is a production company registered in the State of

Georgia as a domestic limited liability company with a principal office

address at 270 17TH ST NW #3208, Atlanta, GA, 30363, and a registered

agent M. WENDY SMITH located at 4801 Fulton Industrial Blvd SW,

Atlanta, GA, 30336.

6.  OWN: OPRAH WINFREY NETWORK LLC is a Delaware company with a

principal address at 1041 N. FORMOSA AVENUE; WEST

HOLLYWOOD, CA 90046 and its legal office located at 4000 Warner

Blvd., Bldg. 700, Burbank, CA 91522.

7. SHANE JOHNSON, a/k/a SHANE JOHNSON-BOBB, ("Defendant Shane Johnson") is an individual residing in the state of Georgia at 4801 Fulton Industrial Blvd. SW; Atlanta, GA 30336.

8. Defendant Shane Johnson is married to Roger M. Bobb, CEO of Defendant Bobbcat Films, LLC.

9. Plaintiff SHEMARIAH DEROUX is an individual residing in the state of Georgia.

## JURISDICTION

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this action arises under the Copyright Act of the United States, 17 U.S.C. §§ 101 et seq.

11. This Court has personal jurisdiction over Defendants pursuant to the Due Process Clause of the Fourteenth Amendment and Federal Rule of Civil Procedure 4(k)(2), as Defendants have sufficient minimum contacts with Georgia and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice and Defendants purposefully directed activities toward Georgia, and the claims asserted arise out of or relate to those activities.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) because the Defendants have committed acts of infringement within this district and/or a substantial part of the events giving rise to this claim occurred within this district.

## **FACTUAL BACKGROUND**

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff is the sole legal copyright holder of *The Christmas Bachelor*, an original work protected under the Copyright Act, 17 U.S.C. §§ 101 et seq..

15. *The Christmas Bachelor* (hereinafter the "Work") is registered with the United States Copyright Office under Registration No. PAU-4-169-000. A copy of the Certificate of Registration is attached as **Exhibit "A"**.

16. In February 2020, Plaintiff entered into a Screenplay Shopping Agreement (hereinafter the "Agreement") with Defendant Shane Johnson. Under the terms of the Agreement, Ms. Johnson was to procure offers for the sale of Plaintiff's Work to third parties.

17. During the Agreement, Ms. Johnson had unfettered access to the entirety of Plaintiff's Work, including all versions and edits, and shared the Work with Roger M. Bobb and others.

18. The Agreement expired without the procurement of any sale or transfer of rights.

19. After having unfettered access to Plaintiff's Work, Bobbcat Films, under the direction of Roger M. Bobb, released a film titled *A Christmas Fumble,* in 2022, which aired on the Oprah Winfrey Network (OWN).

20. *A Christmas Fumble* is a derivative work substantially similar to Plaintiff's copyrighted Work.

21. Plaintiff sent a letter on December 13, 2024, notifying Defendants of this copyright infringement.

## SIMILARITIES BETWEEN THE WORKS

22. Both *The Christmas Bachelor* and *A Christmas Fumble* center around a former football player (Jordan St. Michael in Plaintiff's Work; Jordan Daniels in Defendants' film) who hires a PR firm to repair his public image after a scandal or tragedy.

23. In Plaintiff's Work, Betty Ann[1] is a Public Relations executive assistant vying for promotion to partner, while in Defendants' film, Nicole is depicted as the "Queen of Crisis Management," fulfilling a similar role.

---

[1] Character name in script was Betty Ann but name was changed during film to Daphne.

24. Specific scenes and dialogue in *A Christmas Fumble* are strikingly similar to Plaintiff's Work, including:

    a. Betty Ann's ambition for promotion: "After today's presentation, I'm sure there'll be no doubt in Christian's mind that you're the one to lead the London office," mirrors a subplot involving Nicole's professional aspirations.

    b. Both works feature key boardroom scenes where the Public Relations team discusses strategies for rebuilding both Jordan's images.

    c. In *A Christmas Fumble,* Nicole works closely with Jordan to rebuild his image, paralleling Betty Ann's role in *The Christmas Bachelor.*

25. The negative press and scandal surrounding Jordan Daniels in *A Christmas Fumble* echo Jordan St. Michael's career troubles in *The Christmas Bachelor,* including:

    a. Public backlash and suspension due to controversy.

    b. Scenes involving sports commentators discussing the protagonist's fall from grace.

    c. Both works include scenes where the Public Relations professional visits both Jordan's apartment/home to discuss career strategy, share meals, and build a personal connection.

26. Romantic subplots between the protagonists in both works develop through their collaborative efforts to repair both Jordan's image, including:

   a. Planning events for children, such as football camps (*A Christmas Fumble*) and Christmas celebrations (*The Christmas Bachelor*).

   b. Press conferences highlighting Jordan's involvement in charitable activities.

27. Additional similarities include:

   a. Scenes where Jordan introduces his fiancée (Lacey James in *A Christmas Fumble*; a pageant contestant in *The Christmas Bachelor*).

   b. Jordan's tone, mannerisms, and verbiage in Defendants' film mirroring Plaintiff's character.

   c. Both works concluding with Jordan and the Public Relations professional reuniting romantically after overcoming professional and personal challenges.

## COUNT 1: COPYRIGHT INFRINGEMENT AGAINST DEFENDANT BOBBCAT FILMS, LLC

28. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Copyright infringement has two elements: (1) ownership of a valid copyright, and (2) copying of protectable elements. *Off Lease Only, Inc. v.*

*Lakeland Motors, LLC*, 825 F. App'x 722, 726 (11th Cir. 2020); *Compulife Software, Inc. v. Newman,* 959 F.3d 1288, 1301 (11th Cir. 2020). When there is no "direct evidence" of copyright infringement, a plaintiff must prove that: (1) the defendant had access to the plaintiff's work and (2) the defendant's work is substantially similar to the plaintiff's protected expression. *Dubay v. King*, 844 F. App'x 257, 264-66 (11th Cir. 2021).

30. Plaintiff has ownership of a valid copyright.

31. Defendant Bobbcat Films, LLC copied protectable elements of the Plaintiff's Work that were original.

32. Defendant Bobbcat Films, LLC had direct access to Plaintiff's Work as it was provided to Defendant Bobbcat Films, LLC by Defendant Shane Johnson.

33. Defendant Bobbcat Films, LLC's *A Christmas Fumble* is substantially similar to the Plaintiff's Work.

34. Defendant Bobbcat Films, LLC , without authorization, produced, reproduced, distributed, and publicly performed *A Christmas Fumble,* which constitutes a derivative work based on *The Christmas Bachelor.*

35. These acts directly infringe Plaintiff's exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, publicly perform, and create derivative works based on the copyrighted Work.

36. Defendant Bobbcat Films, LLC infringement was willful, intentional, and done with knowledge of Plaintiff's copyright ownership, as evidenced by their access to the Plaintiff's Work during the term of the Agreement and subsequent use of the Work's creative elements in *A Christmas Fumble.*

37. As a direct and proximate result of Defendant Bobbcat Films, LLC's infringement, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost profits, harm to market value, and reputational injury.

38. Plaintiff is entitled to recover actual damages and/or statutory damages pursuant to 17 U.S.C. § 504, as well as attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT 2: BREACH OF CONTRACT
## AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

9

40. The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *McAlister v. Clifton*, 313 Ga. 737, 742 (2022).

41. Plaintiff and Defendant Shane Johnson entered into a Screenplay Shopping Agreement dated February 21, 2020 (the "Agreement"), whereby Defendant agreed to exclusively represent Plaintiff's screenplay, *The Christmas Bachelor*, for the purpose of procuring offers from a Major Studio, Distribution Company, or Independent Production Company. A copy of the Screenplay Shopping Agreement is attached hereto as **Exhibit "B".**

42. Under the terms of the Agreement, Defendant was not authorized to alter, develop, use, or disseminate any elements of *The Christmas Bachelor* for any purpose other than securing a legitimate offer from a production company.

43. The Agreement explicitly stated that upon expiration of the term, Defendant would have no further right to shop Plaintiff's Work to any parties or use/disseminate any elements of the Property for any purpose and must return all physical materials related to the screenplay to Plaintiff.

44. The Agreement expired without Defendant securing a deal for the sale or option of the Work.

45. Despite the expiration of the Agreement, Defendant Shane Johnson:

    a. Shared the screenplay with Roger M. Bobb, Defendant Bobbcat Films, LLC and others without Plaintiff's authorization.

    b. Allowed or participated in the development of *A Christmas Fumble*, which is a derivative work based on *The Christmas Bachelor*.

    c. Failed to return all physical materials related to the Property as required by the Agreement.

46. Defendant Shane Johnson's actions constitute a material breach of contract by exceeding the scope of her authority, misusing confidential materials, and failing to adhere to the Agreement's post-expiration restrictions.

47. As a direct and proximate result of Defendant Shane Johnson's breach, Plaintiff has suffered substantial harm, including but not limited to lost profits, loss of exclusive rights, reputational harm, and attorneys' fees in the entertainment industry.

48. Plaintiff is entitled to damages for breach of contract, including compensatory damages, restitution, and any other relief deemed appropriate by this Court.

<u>**COUNT 3: UNJUST ENRICHMENT**</u>
<u>**AGAINST ALL DEFENDANTS**</u>
<u>**PLED DIRECTLY AGAINST DEFENDANT BOBBCAT FILMS, LLC**</u>
<u>**& DEFENDANT OWN: OPRAH WINFREY NETWORK LLC**</u>
<u>**PLED IN THE ALTERNATIVE AGAINST DEFENDANT SHANE**</u>
<u>**JOHNSON a/k/a SHANE JOHNSON-BOBB**</u>

49. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

50. Unjust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for. *Tuvim v. United Jewish Cmtys., Inc.*, 285 Ga. 632, 635 (2009).

51. Plaintiff conferred a benefit upon Defendants by providing access to *The Christmas Bachelor*, an original and copyrighted screenplay, under the terms of the Agreement.

52. Defendant Shane Johnson, through the Agreement, received unfettered access to Plaintiff's Work and shared it with Roger M. Bobb, head of Defendant Bobbcat Films, LLC, and others.

53. Defendant Bobbcat Films, LLC , without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements from

*The Christmas Bachelor* to develop, produce, and distribute the film *A Christmas Fumble*.

54. Defendant OWN: OPRAH WINFREY NETWORK LLC released, broadcast, and/or distributed the film *A Christmas Fumble*.

55. Defendants have profited significantly from the unauthorized use of Plaintiff's Work through the release, broadcast, and distribution of *A Christmas Fumble*, including revenue generated from streaming, licensing, advertisements, and other commercial exploitation.

56. Plaintiff has not received any compensation for Defendants' unauthorized use of her Work.

57. It would be unjust and inequitable for Defendants to retain the financial and professional benefits derived from *A Christmas Fumble* without compensating Plaintiff.

58. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered financial harm, including lost profits, loss of market value, and reputational damage in the entertainment industry.

59. Plaintiff is entitled to restitution and disgorgement of all profits unlawfully obtained by Defendants as a result of their wrongful actions.

## COUNT 4: CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

55. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

56. The well-settled test for a contributory infringer is one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another. *Cable/Home Commun. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990).

57. Plaintiff is the sole legal copyright holder of *The Christmas Bachelor*, which is registered with the United States Copyright Office under Registration No. PAu-4-169-000.

58. Defendant Shane Johnson had direct access to *The Christmas Bachelor* through the Agreement for the purpose of procuring legitimate offers from production companies.

59. Defendant Shane Johnson knowingly provided access to the Plaintiff's Work to Roger M. Bobb and Defendant Bobbcat Films, LLC, inducing, causing, and/or materially contributing to the creation of *A Christmas Fumble*, which was the infringing conduct.

60. Defendant Shane Johnson knew or should have known of the infringing activity.

61. Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material.

62. As a direct and proximate result of Defendant Shane Johnson's contributory copyright infringement, Plaintiff suffered financial loss, reputational harm, and loss of exclusive rights to her Work.

63. Plaintiff is entitled to damages, including statutory damages and attorneys' fees, pursuant to 17 U.S.C. §§ 504 and 505.

## COUNT 5: VICARIOUS COPYRIGHT INFRINGEMENT AGAINST DEFENDANT OWN: OPRAH WINFREY NETWORK LLC

64. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

65. To prevail on their vicarious infringement claim, a plaintiff must establish that (i) there was a direct copyright infringement by a third party, (ii) the defendant profited from the infringement and/or the defendant had a direct

financial interest in the third party's infringing activity, and (iii) the

defendant had the right to stop or limit the infringement and/or the defendant

had the right and ability to supervise the third party's infringing activity.

*China Cent. TV v. Bhalla (In re Bhalla)*, 573 B.R. 265, 280 (Bankr. M.D.

Fla. 2017); *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d

1192, 1214 (S.D. Fla. 2021).

66. Defendant Bobbcat Films, LLC committed copyright infringement of

Plaintiff's Work.

67. Defendant OWN: OPRAH WINFREY NETWORK LLC benefitted from the

unauthorized use, reproduction, distribution, and public performance of *A

Christmas Fumble*, a derivative work that unlawfully incorporates

substantial elements from *The Christmas Bachelor*.

68. Defendant OWN: OPRAH WINFREY NETWORK LLC, had a direct

financial benefit and profited from Defendant Bobbcat Films, LLC's

copyright infringement of Plaintiff's Work.

69. Defendant OWN: OPRAH WINFREY NETWORK LLC financially

benefited from broadcasting and distributing the infringing Work, gaining

increased viewership, advertisement revenue, and licensing profits.

16

70. Defendant OWN: OPRAH WINFREY NETWORK LLC, as the distributor, had the ability to review and reject infringing content before airing it but failed to take reasonable steps to verify that *A Christmas Fumble* was not unlawfully derived from Plaintiff's Work.

71. As a result of Defendant OWN: OPRAH WINFREY NETWORK LLC's vicarious copyright infringement, Plaintiff has suffered financial loss, reputational harm, and loss of exclusive rights to her Work.

72. Plaintiff is entitled to damages, including statutory damages and attorneys' fees, pursuant to 17 U.S.C. §§ 504 and 505.

## DEMAND FOR JURY TRIAL

73. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the premises considered, Plaintiff prays as follows:

a. A preliminary and permanent injunction restraining Defendants and all persons acting in concert with them from further infringing Plaintiff's copyrighted Work;

b. An order requiring Defendants to provide a full accounting of all profits derived from the infringing work *A Christmas Fumble*;

c.  An award of actual damages and/or statutory damages pursuant to 17 U.S.C. § 504 for direct, contributory, and vicarious copyright infringement;

d.  An award of compensatory damages for breach of contract, including lost profits, restitution, and any other damages resulting from Defendant Shane Johnson's unauthorized use and dissemination of Plaintiff's Work;

e.  An award of damages for unjust enrichment, requiring Defendants to return all ill-gotten gains derived from the unauthorized use of *The Christmas Bachelor*;

f.  An award of consequential damages resulting from harm to Plaintiff's marketability and industry reputation caused by Defendants' unauthorized actions;

g.  Restitution and disgorgement of all profits unlawfully obtained by Defendants as a result of their unjust enrichment;

h.  An award of Plaintiff's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, pursuant to any other applicable law, and pursuant to the terms of the Screenplay Shopping Agreement;

i.  Pre-judgment and post-judgment interest as allowed by law;

j.  Such other relief as the Court deems just and proper; and

k.  All other relief that this Court deems appropriate.

Respectfully submitted,

This 22nd day of April 2025.

/s/Natalie K. Howard
Natalie K. Howard, Esq. GA Bar No. 889108
*Attorney for Plaintiff*

**The Law Office of Natalie K. Howard, LLC**
3675 Crestwood Parkway NW, Suite 400
Duluth, GA 30096
Phone: 678-252-2150
Fax: 678-252-2183
nhoward@nkhlegal.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

Registration Number

**PAu 4-169-000**

Effective Date of Registration:
February 03, 2023
Registration Decision Date:
February 27, 2023



## Copyright Registration for a Group of Unpublished Works
Registration issued pursuant to 37 C.F.R. § 202.4(c)

## Title

**Title of Group:** Cowboy's Sweetheart and 8 Other Unpublished Works

**Content Title:** Cowboy's Sweetheart
The Christmas Bachelor
Dickstracted
Christmas on the Patio
Queen V
Queen V Synopsis and Logline
The Christmas Bachelor Synopsis
Christmas on the Patio Logline and Synopsis
Cowboy's Sweetheart Logline and  Synopsis

## Completion/Publication

**Year of Completion:** 2020

## Author

- **Author:** Shemariah J. DeRoux
  **Author Created:** Dramatic Works
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1980

## Copyright Claimant

**Copyright Claimant:** Shemariah J. DeRoux
3393 Hawthorne CT SW, Conyers, GA, United States

Page 1 of 2

COMPLAINT EXHIBIT "B"

# SCREENPLAY SHOPPING AGREEMENT

This SCREENPLAY SHOPPING AGREEMENT (hereinafter, the "Agreement"), is made and entered into on this  21st  day of   February     , 2020   , by and between **SHEMARIAH DEROUX** (hereinafter referred to as "Writer"), and **SHANE JOHNSON** (hereinafter referred to as "Producer")(each individually referred to herein as a "Party", and collectively sometimes referred to herein as the "Parties").

## RECITALS

WHEREAS, Writer desires to engage Producer for the purpose of procuring an offer to purchase the Property as further described herein; and

WHEREAS, Producer, by reason of Producer's contacts, experience and background, is qualified to represent Writer's interest in procuring offers to purchase the Property; and

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Scope of Agreement**. Writer hereby engages Producer during the term hereof to exclusively represent, advise and solicit offers for the rights to the original, unpublished screenplay entitled "THE CHRISTMAS BACHELOR", including any derivatives or sequels thereto (hereinafter referred to as the "Property"), written by Writer for the purpose of procuring a deal between Writer and a Production Company, which shall include a Major Studio or Distribution Company or an Independent Production Company (collectively referred to herein as "Production Company"), and further defined as follows:

    a. Major Studio or Distribution Company shall include, but not be limited to, Universal Pictures, Paramount Pictures, Warner Bros. Pictures, Lionsgate, Sony Pictures, The Walt Disney Company, Columbia Pictures, 20th Century Studios, Metro-Goldwyn-Meyer Studios, or any related division thereof; and

    b. Independent Production Company shall include any independent production or distribution company not affiliated with a Major Studio or Distribution Company.

2. **Representation**. This Agreement and the compensation earned hereunder by Producer is limited solely to Producer's solicitation of offers on Writer's behalf for the purpose of procuring an offer to enter an Option or Purchase Agreement. Nothing in this Agreement shall extend to Producer, the authorization for Producer to represent Writer in any other matter, or for any other Property, or in any legal capacity whatsoever.

3. **Term**.

    a. The term of this Agreement shall be for a period of six (6) months commencing with the date first written above. If Producer is unable to secure an offer for purchase during the Term hereof, the Term may be extended for an additional six (6) months if both Parties agree in writing, prior to this Agreement's expiration.

    b. Notwithstanding the foregoing, if Producer is engaged in negotiations with a Production Company during which time this Agreement would otherwise terminate, then upon written notice given by Producer prior to the termination hereof, this Agreement shall be extended for a reasonable period of time, not to exceed three (3) months, in order to conclude said negotiations.

The three (3) month extension contemplated under this Paragraph shall be considered part of the original Term for purposes of this Agreement. In the event Producer brings Writer a legitimate offer from a Production Company, Writer agrees to promptly enter into good faith negotiations with the Production Company until Writer and Producer's negotiations are completed and either an Option or Purchase Agreement is signed by the Parties thereto, or until negotiations cease.

c. If Writer rejects an offer from a Production Company during the term hereof, and subsequently accepts an offer from that Production Company within a period of three (3) months following the termination of this Agreement, it shall be deemed that the Option or Purchase Agreement was executed during the term of this Shopping Agreement.

d. Upon the expiration of the term, the Producer will have no further right to shop the Property to any parties, or to use or disseminate any elements of the Property for any purpose whatsoever and will immediately return to the Writer all physical materials respecting the Property in his or her possession.

e. Producer hereby agrees to keep Writer fully informed about all solicitations. Producer will send to Writer a list of all solicited Production Companies.

4. **Fees and Expenses**. Writer shall have no obligation or liability to Producer for the reimbursement of Producer's expenses, charges, or fees (including legal fees) incurred in connection with the performance of this Agreement.

5. **Compensation**.

a. Writer, in exchange for the six (6) month exclusive term offered hereunder, shall receive from Producer compensation in the amount of One Dollar and Zero Cents ($1.00 USD). Any compensation Writer receives in exchange for the Property shall be negotiated separately, in good faith, by the Writer or the Writer's legal representative, with the Production Company through an Option or Purchase Agreement between Writer and the Production Company.

b. Producer's compensation for the services contemplated hereunder shall be 20% (Twenty Percent) of the total compensation received by the Writer from the Production Company optioning or purchasing the script. Producers payment will be due within 10 business days after Writer receives such payment.

6. **Mutual Warranties and Representations**. Both Parties warrant and represent that no act or omission hereunder will violate any right or interest of any person of firms or will subject the other party to any liability or claim of liability to any person. Both Parties warrant that they are under no disability, restriction or prohibition with respect to their rights to execute this Agreement and perform its terms and conditions. Both Parties agree to indemnify the other Party and to hold the other Party harmless against any damages, costs, expenses, fees (including attorney's fees) incurred by the other party in any claim, suit or proceeding instituted against the other party in which any assertion is made which is inconsistent with any warranty, representation or covenant of that Party. A Party's obligation to indemnify shall be conditioned upon the prompt notice of an asserted claim for which indemnification may be sought and upon that Party's right to intervene and participate, at its own expense, in defense of the claim.

7. **Ownership**.

a. The Parties agree that Writer shall, at all times material to this Agreement, including following the expiration of this Agreement, maintain full and complete ownership in the Property, with all rights appurtenant thereto, until such point Writer enters into a valid Option or Purchase Agreement.

b. Producer shall have no right to alter or develop the Property in any way absent a separate written

agreement with the Writer.

c.  Producer's services are a work-made-for-hire under U.S. copyright law specially commissioned by the Writer for use as part of a motion picture, television program or other audio-visual work and, accordingly, the Writer is the exclusive author and owner of all results and proceeds of Producer's services including, but not limited to, any materials created by the Producer and the copyrights therein and extensions and renewals thereof.

8. **Miscellaneous**.

a.  Writer and Producer each acknowledge that they have carefully read this Agreement and that they fully understand its contents.

b.  There shall be no change, amendment or modification of this Agreement unless it is reduced to writing and signed by all parties hereto.

c.  No waiver or any breach of this Agreement shall be construed as a continuing waiver or consent to any subsequent breach hereof.

d.  The Parties agree that Producer is not an agent of, or partner or joint venturer with, the Writer and has no authority to enter into any contract on the Writer's behalf or to commit the Writer to any obligations or expenditures of any kind; no agreement for the option, sale or assignment of any rights in the Property will be valid unless it is in writing and signed by the Writer.

e.  This Agreement shall be construed in accordance with the laws of the State of Georgia governing contracts wholly executed and performed therein, and the Parties hereto agree to submit to the jurisdiction of the Courts of the State of Georgia and that service of process may be made by certified mail in lieu of personal service thereof.

f.  This Agreement shall be binding upon and inure to the benefit of the parties' respective heirs, executors and successors, and shall only become effective upon execution by both Parties hereto.

g.  In the event any provision hereof shall be for any reason illegal or unenforceable, the same shall not affect the validity or enforceability of the remaining provisions hereof.

h.  Any and all notices, statements, requests, demands and other communications required or permitted to be given by this Agreement shall be in writing and shall conclusively be deemed to have been given if personally delivered to, or if enclosed in a stamped and sealed envelope, and mailed by registered or certified mail in the United States Mails addressed to the party to whom it is authorized to be given at the address first set forth above or at such other places as the Parties shall designate in writing by certified or registered mail.

IN WITNESS WHEREOF, the parties hereto have executed this Shopping Agreement the day and year first above written.

BY WRITER:

Shemariah DeRoux
6328 Memorial Drive
Stone Mountain, GA 30083
(770) 877-0426

BY PRODUCER:

Shane Johnson
4801 Fulton Industrial Blvd SW
Atlanta, GA 30336
(404) 351-5353

Scanned with CamScanner