## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHEMARIAH DEROUX,

       Plaintiff,

     v.

BOBBCAT FILMS, LLC, et al.,

       Defendants.

Case No. 1:25-cv-01566-LMM

## **DEFENDANT BOBBCAT FILMS, LLC'S MOTION TO DISMISS**

COMES NOW Defendant BobbCat Films, LLC. ("BobbCat") and files this Motion to Dismiss. BobbCat moves to dismiss[1] pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, or in the alternative for the Court to quash service as to BobbCat. BobbCat also moves to dismiss Count 3 (Unjust Enrichment) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

Plaintiff did not serve BobbCat or its registered agent. Instead, Plaintiff served someone unconnected to BobbCat or its registered agent. Plaintiff's service was, therefore, defective under Federal Rule of Civil Procedure 4. Accordingly, this Court

---

[1] BobbCat understands that ordinarily a Court dismisses a Complaint without prejudice for insufficient service of process. BobbCat does not request any extraordinary relief in this Motion.

has not obtained personal jurisdiction over BobbCat. The Court should grant BobbCat's Motion and dismiss all claims against BobbCat pursuant to Federal Rule of Civil Procedure 12(b)(5).

In addition to the insufficiency of service of process, Plaintiff's Count 3 for unjust enrichment is preempted by Section 301 of the Copyright Act. "Quasi-contract claims — like unjust enrichment — are almost always preempted" by the Copyright Act. *Archer v. Holmes,* No. 1:17-CV-2051-TWT, 2018 U.S. Dist. LEXIS 10961, 8 (N.D. Ga. 2018); 1 Nimmer on Copyright § 1.15[G] ("a state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence, pre-empted insofar as it applies to copyright matter.") (collecting cases). Plaintiff's unjust enrichment claim is nothing more than a restatement of her copyright infringement claim. Her unjust enrichment claim does not include any new elements. It is not qualitatively different than her copyright infringement claim. Accordingly, the Court should dismiss Count 3 as to BobbCat under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim for which relief may be granted.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On March 24, 2025, Plaintiff filed her Complaint for Copyright Infringement. (Dkt. 1). On April 8, 2025, Plaintiff filed a "Proof of Service" stating that Plaintiff, through her process server, Christopher Wright, served BobbCat on April 3, 2025.

(Dkt. 8). Mr. Wright declared that he served "**marcus smoot** [sic] who is designated by law to accept service of process on behalf of **Bobcat [sic] Films, LLC at 4801 Fulton Industrial Blvd SW, Atlanta, GA 30336** on 04/03/2025 at 12:41 PM." (Dkt. 8 (emphasis in original)).

BobbCat's registered agent is Wendy M. Smith. (Ex. 1, Declaration of Roger Bobb at ¶ 3; Ex. 2). Plaintiff's Proof of Service does not explain why Mr. Wright did not serve Wendy Smith. (Dkt. 8). The Proof of Service does not explain why Mr. Wright stated, under oath, that Marcus Smoot was "designated by law to accept service of process on behalf of" BobbCat. (Dkt. 8).

Mr. Smoot is not BobbCat's registered agent. (Ex. 1, Bobb Dec. at ¶ 3). BobbCat has never designated Mr. Smoot to accept service on behalf of BobbCat. (*Id.* at ¶ 9). Mr. Smoot has never been an employee of BobbCat. (*Id.* at ¶ 5, 8). Mr. Smoot has never been an officer or agent of BobbCat. (*Id.* at ¶ 5, 6-7, 9).

On April 22, 2025, Plaintiff filed her Amended Complaint for Copyright Infringement. (Dkt. 12). The Amended Complaint is the operative Complaint.

Plaintiff included five (5) Counts in her Amended Complaint:

- Count 1: Copyright Infringement Against Defendant BobbCat Films, LLC (Dkt. 12 at pg. 7-9);

- Count 2: Breach of Contract Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 9-11);

- Count 3: Unjust Enrichment Against All Defendants Pled Directly Against Defendant BobbCat Films, LLC and Defendant OWN:Oprah Winfrey Network LLC [and] Pled in the Alternative Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 12-13);

- Count 4: Contributory Copyright Infringement Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 13-15);

- Count 5: Vicarious Copyright Infringement Against Defendant OWN:Oprah Winfrey Network LLC (Dkt. 12 at pg. 15-17).

Plaintiff alleges that she is the "sole legal copyright holder of *The Christmas Bachelor*, an original work protected under the Copyright Act." (Dkt. 12 at ¶ 14). Plaintiff further alleges that she registered *The Christmas Bachelor* with the Copyright Office. (Dkt. 12 at ¶ 15).

Plaintiff alleges that she entered into a Screenplay Shopping Agreement with Shane Johnson and that Ms. Johnson shared her screenplay with Roger M. Bobb and others. (Dkt. 12 at ¶¶ 16-17). According to Plaintiff, BobbCat released a film titled *A Christmas Fumble*, in 2022, which aired on the Oprah Winfrey Network (OWN)." (Dkt. 12 at ¶ 19).

In Count 1 (Copyright Infringement), Plaintiff specifically alleges that "Plaintiff has ownership of a valid copyright." (Dkt. 12 at ¶ 30). Plaintiff further

alleges that "Defendant Bobbcat [sic] Films, LLC copied protectable elements of the Plaintiff's Work that were original." (Dkt. 12 at ¶ 31). According to Plaintiff, BobbCat had "direct access" to her Work because Shane Johnson provided the Work to BobbCat. (Dkt. 12 at ¶ 32). Plaintiff alleges that *The Christmas Bachelor* and *A Christmas Fumble* are "substantially similar." (Dkt. 12 at ¶ 33). Plaintiff further alleges that BobbCat "without authorization, produced, reproduced, distributed, and publicly performed *A Christmas Fumble*, which constitutes a derivative work based on *The Christmas Bachelor*." (Dkt. 12 at ¶ 34).

In Count 3 (Unjust Enrichment), Plaintiff alleges that "Plaintiff conferred a benefit upon Defendants by providing access to *The Christmas Bachelor*, an original and copyrighted screenplay, under the terms of the Agreement." (Dkt. 12 at ¶ 51). Plaintiff further claims that "Defendant Shane Johnson, through the Agreement, received unfettered access to Plaintiff's Work and shared it with Roger M. Bobb, head of Defendant Bobbcat [sic] Films, LLC, and others." (Dkt. 12 at ¶ 52). Plaintiff alleges that BobbCat "without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements from *The Christmas Bachelor* to develop, produce, and distribute the film *A Christmas Fumble*." (Dkt. 12 at ¶ 53).

## III.   ARGUMENT AND CITATION TO AUTHORITIES

The Court should dismiss the case in its entirety as to BobbCat pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to properly serve

BobbCat. Plaintiff did not personally serve BobbCat and did not serve BobbCat's registered agent. Plaintiff served an individual that has no connection to BobbCat or its registered agent.

If the Court does not dismiss this case in its entirety under Rule 12(b)(5), the Court should dismiss Count 3 (Unjust Enrichment) with prejudice. Plaintiff has failed to state a cognizable legal claim for unjust enrichment as to BobbCat. Plaintiff's unjust enrichment claim is preempted pursuant to Section 301(a) of the Copyright Act because it is equivalent to her copyright infringement claim.

### A.    The Court Should Dismiss the Complaint for Insufficient Service of Process

#### 1.    Legal Standard

"Service of process is a jurisdictional requirement: the Court lacks jurisdiction when a defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). A party "'is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (quoting M*urphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999) (affirming grant of motion to dismiss for insufficient service of process)).

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and

complaint." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.). When bringing a Motion to Dismiss under Rule 12(b)(5), the defendant must "specifically describe the defect under Rule 4." *T-12 Entm't, LLC v. Young Kings Enters., Inc.,* 36 F. Supp. 3d 1380, 1391 (N.D. Ga. 2014). The plaintiff, however, has the burden of proof to show that service was proper. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981) (When the defendant challenges service of process, the plaintiff bears the burden of establishing its validity.); *Harris v. Fort Pierce Police Dep't.*, No. 23-10727, 2023 U.S. App. LEXIS 28839, at *2 (11th Cir. Oct. 31, 2023).

BobbCat is a limited liability corporation. Thus, pursuant to Federal Rule of Civil Procedure 4(h), BobbCat must be served in one of the following ways: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Federal Rule of Civil Procedure 4(h). Rule 4(e)(1) provides, in turn, that an individual may be served by "following state law for serving a summons in an action brought in a court of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Here, the Court is located in Georgia and service was allegedly made in Georgia. Georgia law provides that service of process upon a corporation may be

perfected in two ways: either by delivery of a copy of a summons and complaint upon the president or other officer of the corporation or a managing agent thereof (O.C.G.A. § 9-11-4(e)(1)(A)), or upon the corporation's registered agent (O.C.G.A. § 14-2-504(a)). Georgia law provides that in order for an employee of a defendant to be authorized to accept service on behalf of a corporation, it is necessary that he or she occupy some managerial or supervisory responsibility within the organization.

Under Federal Rule of Civil Procedure 4(h)(1)(B), Plaintiff may also serve BobbCat "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

## 2.  Plaintiff failed to properly serve BobbCat

Plaintiff failed to perfect service upon BobbCat as required by Federal Rule of Civil Procedure 4. Plaintiff did not serve "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent" of BobbCat. Nor did Plaintiff serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Plaintiff served "Marcus Smoot" claiming that Mr. Smoot was "designated by law to accept service of process on behalf of BobbCat." (Dkt. 8). Plaintiff further

claims that process occurred at the address of BobbCat's registered agent. *Id.*

Marcus Smoot is *not* BobbCat's registered agent. (*See* Ex. 1, Bobb Dec. at ¶¶ 3-4; Ex. 2). Rather, Wendy M. Smith is BobbCat's registered agent. (*See* Ex. 1, Bobb Dec. at ¶ 3; Ex. 2). Mr. Smoot is not affiliated with BobbCat. (Ex. 1, Bobb Dec. at ¶¶ 3-8). Mr. Smoot has never been the president or other officer of BobbCat. (*Id.* at ¶ 6). Mr. Smoot has never been the secretary, cashier, managing or general agent, or other agent of BobbCat. (*Id.* at ¶7). Indeed, Marcus Smoot has never been an employee of BobbCat in any capacity. (*Id.* at ¶ 8). BobbCat never appointed Mr. Smoot as its registered agent, or otherwise authorized Mr. Smoot to receive service on behalf of BobbCat. (*Id.* at ¶ 9). Mr. Smoot is merely another tenant in the multi-office building where BobbCat's registered agent is located. (*Id.* at ¶ ¶ 3, 10). Accordingly, service was insufficient; and the Court should dismiss the Complaint. *See Johnson v. Wells Fargo & Co.,* No. 1:20-CV-2074-TWT-JSA,  2020 U.S. Dist. LEXIS 259031 (N.D. Ga. Sept. 25, 2020); adopted by, *Johnson No Cesta Que Vi v. Wells Fargo & Co*., 2021 U.S. Dist. LEXIS 198487 (N.D. Ga., Jan. 19, 2021).

### B.  The Court Should Dismiss Count 3 as to BobbCat because Plaintiff Fails to State a Claim for Which Relief May be Granted

#### 1.  Legal Standard

A court should dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) when the allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  To survive a Rule 12(b)(6) motion to dismiss, a

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com,* 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp*., 466 F.3d 1255, 1261 (11th Cir. 2006)).

### 2.  Count 3 (Unjust Enrichment) Is Preempted by the Copyright Act

Section 301(a) of the Copyright Act expressly preempts all legal or equitable rights that "are equivalent to any of the exclusive rights within the scope of copyright . . . ." 17 U.S.C § 301(a).  A state law claim will only survive if it requires Plaintiff to "prove additional elements over and above those necessary for copyright claims." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *5. But, not every additional element will allow a plaintiff to avoid preemption of state law claims. "Rather, only that extra element which 'changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim' will serve to prevent preemption." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *5-6 (quoting *Bateman v. Mnemonics, Inc*., 79 F.3d 1532, 1549 (11th Cir. 1996)) (emphasis in original). Accordingly, state law claims

are preempted unless they are "substantially different" from the copyright infringement claim. *Id.* at * 6.

"Quasi-contract claims — like unjust enrichment — are almost always preempted." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *8; 1 Nimmer on Copyright § 1.15[G] ("a state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence, pre-empted insofar as it applies to copyright matter.") (collecting cases). Under Georgia law, a plaintiff may bring an unjust enrichment claim when there is no legal contract, but the plaintiff has conferred a benefit upon the defendant which the defendant equitably ought to return or compensate the plaintiff for. *See e.g., Cates v. Brown*, 357 Ga. App. 326, 330 (2020).

Plaintiff's unjust enrichment claim, like most such claims, is preempted. Plaintiff alleges the very same conduct for both her copyrighting infringement and unjust enrichment claims: BobbCat's copying of her screenplay *The Christmas Bachelor* to create *The Christmas Fumble*. Indeed, Plaintiff's allegations in support of her unjust enrichment claim mirror those that allegedly support her copyright infringement claim.

| **Count 1: Copyright Infringement** | **Count 3: Unjust Enrichment** |
|---|---|
| "Plaintiff has ownership of a valid copyright." (Dkt. 12 at ¶ 30). | "Plaintiff conferred a benefit upon Defendants by ***providing access*** to The Christmas Bachelor, ***an original and copyrighted screenplay***, under the |

| | |
|---|---|
| | terms of the Agreement." (Dkt. 12 at ¶ 51). |
| "Defendant Bobbcat Films, LLC copied protectable elements of the Plaintiff's Work that were original." (Dkt. 12 at ¶ 31). | "Defendant Bobbcat Films, LLC, *without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements* from The Christmas Bachelor to develop, produce, and distribute the film A Christmas Fumble." (Dkt. 12 at ¶ 54). |
| "Defendant Bobbcat Films, LLC had direct access to Plaintiff's Work as it was provided to Defendant Bobbcat Films, LLC by Defendant Shane Johnson." (Dkt. 12 at ¶ 32). | "Defendant Shane Johnson, through the Agreement, *received unfettered access* to Plaintiff's Work *and shared it with Roger M. Bobb, head of Defendant Bobbcat Films, LLC*, and others." (Dkt. 12 at ¶ 52). |
| "Defendant Bobbcat Films, LLC's A Christmas Fumble is substantially similar to the Plaintiff's Work." (Dkt. 12 at ¶ 33). | "Defendant Bobbcat Films, LLC, *without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements* from The Christmas Bachelor to develop, produce, and distribute the film A Christmas Fumble." (Dkt. 12 at ¶ 54). |
| "Defendant Bobbcat Films, LLC, without authorization, produced, reproduced, distributed, and publicly performed A Christmas Fumble, which constitutes a derivative work based on The Christmas Bachelor." (Dkt. 12 at ¶ 34). | |

Plaintiff's unjust enrichment claim includes the same elements as her copyright infringement claim without adding any qualitatively different elements. "'Copyright infringement has two elements: (1) ownership of a valid copyright, and

(2) copying of protectable elements.'" *Off Lease Only, Inc., v. Lakeland Motors, LLC,* 825 Fed. Appx. 772 (11th Cir. 2020) (*quoting Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016)). Plaintiff's unjust enrich claim alleges both ownership of "an original and copyrighted screenplay" (Dkt. 12 at ¶ 51) which is equivalent to the first element of a copyright infringement claim. Plaintiff also alleges that that Defendants "improperly utilized, copied, and derived substantial creative elements from" her copyrighted work in creating *The Christmas Fumble.* (Dkt. 12 at ¶ 54). That allegation is equivalent to the second element of a copyright infringement claim. There are no additional elements in Count 3 that are substantially different from Plaintiff's copyright claim. Accordingly, Plaintiff's unjust enrichment claim is preempted by the Section 301 of the Copyright Act.

## IV. CONCLUSION

Plaintiff failed to properly serve BobbCat. Plaintiff served an individual completely unaffiliated with either BobbCat or its registered agent. The Court should, therefore, dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) or quash service of process as to BobbCat. The Court should also dismiss Plaintiff's unjust enrichment claim (Count 3) because it is merely a repackaging of her copyright infringement claim. Plaintiff's unjust enrichment claim is therefore preempted by Section 301(a) of the Copyright Act because it is not qualitatively

different than Plaintiff's copyright infringement claim. BobbCat respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted this 8th day of May, 2025

> /s/ Robin L. Gentry
> J. Bertram Levy, Esq.
> Georgia Bar #449609
> Robin L. Gentry
> Georgia Bar #289899
> COHAN & LEVY
> 3340 Peachtree Road
> Tower 100, Suite 2570
> Atlanta, Georgia 30326
> (404) 891-1770 (telephone)
> (404) 891-5094 (facsimile)
> blevy@cohanlevy.com
> rgentry@cohanlevy.com
> *Counsel for Defendant BobbCat Films*
> *LLC and Shane Johnson*

14

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman 14-point font.

Respectfully submitted this 8th day of May, 2025

                                        */s/* Robin L. Gentry
                                        Robin L. Gentry
                                        Georgia Bar No. 289899

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHEMARIAH DEROUX,

      Plaintiff,

    v.                                                              Case No. 1:25-cv-01566-LMM

BOBBCAT FILMS, LLC, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

The foregoing DEFENDANT BOBBCAT FILMS, LLC'S MOTION TO DISMISS was filed using the Court's CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

Natalie K. Howard, Esq
*nhoward@nkhlegal.com*

This May 8, 2025

                                      */s/* Robin L. Gentry
                                        Robin L. Gentry
                                        Georgia Bar No. 289899