# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHEMARIAH DEROUX, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-01566-LMM |
| BOBBCAT FILMS, LLC, et al., | |
| Defendants. | |

## DEFENDANT SHANE JOHNSON-BOBB'S MOTION TO DISMISS COUNTS 2 (BREACH OF CONTRACT) AND 3 (UNJUST ENRICHMENT)

COMES NOW Defendant Shane Johnson a/k/a Shane Johnson-Bobb ("Johnson") and files this Motion to Dismiss. Johnson moves to dismiss Count 2 (Breach of Contract) and Count 3 (Unjust Enrichment) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

Plaintiff's Count 2 for breach of contract and Count 3 for unjust enrichment are preempted by Section 301 of the Copyright Act. "Quasi-contract claims — like unjust enrichment — are almost always preempted" by the Copyright Act. *Archer v. Holmes,* No. 1:17-CV-2051-TWT, 2018 U.S. Dist. LEXIS 10961, 8 (N.D. Ga. Jan. 23, 2018); 1 Nimmer on Copyright § 1.15[G] ("a state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence,

pre-empted insofar as it applies to copyright matter.") (collecting cases). Indeed, Plaintiff appears to concede that the unjust enrichment claim as to Defendants BobbCat Films, LLC and OWN: Oprah Winfrey Network, LLC because Plaintiff withdrew the Count as to those Defendants in response to BobbCat Films' Motion to Dismiss. (*See* Dkt. 29). Plaintiff's unjust enrichment claim as to Johnson is the exact same claim as against the other Defendants. (*See* Dkt. 12, Amended Complaint at ¶¶ 49-59. There is no justification for why Plaintiff's unjust enrichment claim survives as to Johnson. Plaintiff's claim is nothing more than a restatement of her contributory copyright infringement claim. Her unjust enrichment claim does not include any new elements. It is not qualitatively different than her contributory copyright infringement claim. Accordingly, the Court should dismiss Count 3 as to Johnson under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim for which relief may be granted.

The same is true of Plaintiff's breach of contract claim (Count 2). That claim, like the unjust enrichment claim, is nothing more than a restatement of Plaintiff's contributory copyright infringement claim. It does not include any new elements; and, it is not qualitatively different from her copyright infringement claim. Accordingly, the Court should also dismiss Count 2.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On March 24, 2025, Plaintiff filed her Complaint for Copyright Infringement.

(Dkt. 1).

On April 22, 2025, Plaintiff filed her Amended Complaint for Copyright Infringement. (Dkt. 12). The Amended Complaint is the operative Complaint.

Plaintiff included five (5) Counts in her Amended Complaint:

- Count 1: Copyright Infringement Against Defendant BobbCat Films, LLC (Dkt. 12 at pg. 7-9);

- Count 2: Breach of Contract Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 9-11);

- Count 3: Unjust Enrichment Against All Defendants Pled Directly Against Defendant BobbCat Films, LLC and Defendant OWN:Oprah Winfrey Network LLC [and] Pled in the Alternative Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 12-13);

- Count 4: Contributory Copyright Infringement Against Defendant Shane Johnson a/k/a Shane Johnson-Bobb (Dkt. 12 at pg. 13-15);

- Count 5: Vicarious Copyright Infringement Against Defendant OWN:Oprah Winfrey Network LLC (Dkt. 12 at pg. 15-17).

Plaintiff alleges that she is the "sole legal copyright holder of *The Christmas Bachelor*, an original work protected under the Copyright Act." (Dkt. 12 at ¶ 14).

Plaintiff further alleges that she registered *The Christmas Bachelor* with the Copyright Office. (Dkt. 12 at ¶ 15).

Plaintiff alleges that she entered into a Screenplay Shopping Agreement with Shane Johnson and that Ms. Johnson shared her screenplay with Roger M. Bobb and others. (Dkt. 12 at ¶¶ 16-17). According to Plaintiff, BobbCat released a film titled *A Christmas Fumble*, in 2022, which aired on the Oprah Winfrey Network (OWN)." (Dkt. 12 at ¶ 19).

In Count 2 (Breach of Contract), Plaintiff alleges that she and Ms. Johnson "entered into a Screenplay Shopping Agreement . . . whereby Defendant agreed to exclusively represent Plaintiff's screenplay, *The Christmas Bachelor,* for the purpose of procuring offers from a Major Studio, Distribution Company, or Independent Production Company." (Dkt. 12 at ¶ 41). Plaintiff further alleges that "[u]nder the terms of the Agreement, Defendant was not authorized to alter, develop, use, or disseminate any elements of *The Christmas Bachelor* for any purpose other than securing a legitimate offer from a production company." (Dkt. 12 at ¶ 42). According to Plaintiff, "[t]he Agreement explicitly stated that upon expiration of the term, Defendant would have no further right to shop Plaintiff's Work to any parties or use/disseminate any elements of the Property for any purpose and must return all physical materials related to the screenplay to Plaintiff." (Dkt. 12 at ¶ 43). Plaintiff alleges that the Agreement expired without "Defendant securing a deal of the sale or

option of the Work." (Dkt. 12 at ¶ 44). Plaintiff alleges that:

> Despite the expiration of the Agreement, Defendant Shane Johnson:
> a. Shared the screenplay with Roger M. Bobb, Defendant Bobbcat Films, LLC and others without Plaintiff's authorization.
> b. Allowed or participated in the development of *A Christmas Fumble*, which is a derivative work based on *The Christmas Bachelor*.
> c. Failed to return all physical materials related to the Property as required by the Agreement.

(Dkt. 12 at ¶ 45). Plaintiff claims that "Defendant Shane Johnson's actions constitute a material breach of contract by exceeding the scope of her authority, misusing confidential materials, and failing to adhere to the Agreement's post-expiration restrictions. (Dkt. 12 at ¶ 46).

In Count 3 (Unjust Enrichment), Plaintiff alleges that "Plaintiff conferred a benefit upon Defendants by providing access to *The Christmas Bachelor*, an original and copyrighted screenplay, under the terms of the Agreement." (Dkt. 12 at ¶ 51). Plaintiff further claims that "Defendant Shane Johnson, through the Agreement, received unfettered access to Plaintiff's Work and shared it with Roger M. Bobb, head of Defendant Bobbcat [sic] Films, LLC, and others." (Dkt. 12 at ¶ 52). Plaintiff alleges that BobbCat "without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements from *The Christmas Bachelor* to develop, produce, and distribute the film *A Christmas Fumble*." (Dkt. 12 at ¶ 53).

In Count 4 (Contributory Copyright Infringement), Plaintiff specifically alleges that "Plaintiff is the sole legal copyright holder of *The Christmas Bachelor*,

which is registered with the United States Copyright Office . . . ." (Dkt. 12 at ¶ 57).

Plaintiff further alleges that "Defendant Shane Johnson had direct access to *The Christmas Bachelor* . . . ." (Dkt. 12 at ¶ 58). Plaintiff claims that "Shane Johnson knowingly provided access to Plaintiff's Work to . . . Defendant BobbCat Films, LLC." (Dkt. 12 at ¶ 59). According to Plaintiff, "Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material. (Dkt. 12 at ¶ 61). Throughout the Amended Complaint Plaintiff alleges that *The Christmas Bachelor* and *A Christmas Fumble* are "substantially similar." (*See e.g.,* Dkt. 12 at ¶¶ 20, 33).

## III.    ARGUMENT AND CITATION TO AUTHORITIES

### A.    The Court Should Dismiss Count 2 (Breach of Contract) and Count 3 (Unjust Enrichment) For Failure to State a Claim because they are preempted by the Copyright Act

#### 1.    Legal Standards

##### a.  12(b)(6) Legal Standard

A court should dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) when the allegations do not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com,* 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

### b. Preemption Legal Standard

Section 301(a) of the Copyright Act expressly preempts all legal or equitable rights that "are equivalent to any of the exclusive rights within the scope of copyright . . . ." 17 U.S.C § 301(a).  A state law claim will only survive if it requires Plaintiff to "prove additional elements over and above those necessary for copyright claims." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *5. But, not every additional element will allow a plaintiff to avoid preemption of state law claims. "Rather, only that extra element which 'changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim' will serve to prevent preemption." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *5-6 (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996)) (emphasis in original). Accordingly, state law claims

are preempted unless they are "substantially different" from the copyright infringement claim. *Id.* at * 6.

### 2. Count 2 (Breach of Contract) Is Preempted by the Copyright Act

Plaintiff's breach of contract claim is preempted. Breach of contract claims are not preempted "if a plaintiff can show rights separate from those [she] held as a copyright owner were violated." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *8; *but see Lipscher v. LRP Publications, Inc.,* 266 F.3d 1305, 1318 (holding that breach of contract claims are generally not preempted). While under *Lipscher* the promise sufficient to establish a contract is a sufficient extra element, that "extra element" is not relevant to this analysis. Pursuant to the Agreement, Plaintiff explicitly provided a copy of *The Christmas Bachelor* to Johnson for the purposes of "procuring a deal between the Writer and a Production Company, which shall include a Major Studio or Distribution Company or an Independent Production Company." Thus, Johnson's actions of sharing a version of *The Christmas Bachelor* with Roger Bobb of BobbCat Films was authorized by the Agreement and not a breach of contract. Plaintiff is merely attempting to bootstrap BobbCat Film's alleged post-termination actions into the breach of contract claim by asserting Plaintiff's right to control the creation of derivative works. That right falls squarely within the Copyright Act.

Thus, although Plaintiff recites the elements for a breach of contract claim under Georgia law, at its heart, the claim is premised upon the creation of a derivative

work by a third party: the exact same behavior as is the basis for her contributory copyright infringement claim. Thus, in this case, Plaintiff's breach of contract claim is not qualitatively different than the contributory copyright infringement claim.

A breach of contract claim under Georgia law requires (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *Knaack v. Henley Park Homeowners Ass'n., Inc.,* 365 Ga. App. 375, 382 (2022)

"A claim of contributory copyright infringement . . . has two elements: (i) direct infringement and (ii) inducement or encouragement." *Microsoft Corp. v. Guiguis,* No. 20-cv-24514, 2022 WL 1665181 at *3 (S.D. Fl. March 30, 2022). Direct copyright infringement has two elements "(1) ownership of a valid copyright, and (2) copying of protectable elements'" which is usually shown by access and substantial similarity. *Off Lease Only, Inc., v. Lakeland Motors, LLC,* 825 Fed. Appx. 772 (11th Cir. 2020) (*quoting Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1320 (11th Cir. 2016)).

Plaintiff is simply seeking to enforce her exclusive right to create derivative works. Her contributory copyright infringement claim mirror her breach of contract claim.

| Count 4: Contributory Copyright Infringement | Count 2: Breach of Contract |
|---|---|
| Plaintiff is the sole *legal* copyright holder of *The Christmas Bachelor*, which is registered with the United States Copyright Office . . . ." (Dkt. 12 at ¶ 57). | Plaintiff is the sole legal copyright holder of *The Christmas Bachelor*, an original work protected under the Copyright Act, 17 U.S.C. §§ 101 et seq.. (Dkt. 12 at ¶ 14 (incorporated into the breach of contract claim). |
| Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material. (Dkt. 12 at ¶ 61). | Johnson: "a. Shared the screenplay with Roger M. Bobb, Defendant Bobbcat Films, LLC and others without Plaintiff's authorization. b. Allowed or participated in the development of *A Christmas Fumble*, which is a derivative work based on *The Christmas Bachelor*." (Dkt. 12 at ¶ 45). |
| "Defendant Shane Johnson had direct access to *The Christmas Bachelor* . . . ." (Dkt. 12 at ¶ 58).<br><br>"Shane Johnson knowingly provided access to Plaintiff's Work to . . . Defendant BobbCat Films, LLC." (Dkt. 12 at ¶ 59). | Johnson "entered into a Screenplay Shopping Agreement . . . whereby Defendant agreed to exclusively represent Plaintiff's screenplay, *The Christmas Bachelor,* for the purpose of procuring offers from a Major Studio, Distribution Company, or Independent Production Company." (Dkt. 12 at ¶ 41).<br><br>Johnson: "a. Shared the screenplay with Roger M. Bobb, Defendant Bobbcat Films, LLC and others without Plaintiff's authorization." |

| | |
|---|---|
| "Defendant Bobbcat Films, LLC's A Christmas Fumble is substantially similar to the Plaintiff's Work." (Dkt. 12 at ¶¶ 20, 33).<br><br>"Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material." (Dkt. 12 at ¶ 61). | "Despite the expiration of the Agreement, Defendant Shane Johnson:<br>a. Shared the screenplay with Roger M. Bobb, Defendant Bobbcat Films, LLC and others without Plaintiff's authorization.<br>b. Allowed or participated in the development of *A Christmas Fumble*, which is a derivative work based on *The Christmas Bachelor*. (Dkt. 12 at ¶ 45).<br><br>"Under the terms of the Agreement, Defendant was not authorized to alter, develop, use, or disseminate any elements of *The Christmas Bachelor* for any purpose other than securing a legitimate offer from a production company." (Dkt. 12 at ¶ 42). |

Plaintiff's breach of contract claim is merely a re-packaging of the contributory copyright infringement claim. There is no extra element.

Under both claims, Plaintiff is merely seeking to protect her alleged right to control the reproduction and use of *The Christmas Bachelor* as well as the right to control the creation of derivative works. Those rights are exclusive to the Copyright Act. Thus, the Copyright Act preempts the breach of contract claim. *See e.g., Archie MD, Inc. v. Elsevier, Inc.,* No. 16-cv-6614; 2017 WL 3421167, *11 (S.D.N.Y. March 13, 2017) (finding breach of contract claim preempted where plaintiff was merely asserting the right to control reproduction of his copyrighted material); *Hallock v. Healey,* No: CV 20-02726, 2020 WL 6255384 (C.D. Cal. Sept. 24, 2020) (breach of

contract claim preempted because it "alleges nothing more than an act of copyright infringement"); *Nichols Agency, Inc. v. Enchanted Child Care, Inc.,* 537 F. Supp. 2d 774, 776 (D. Md. 2008) (breach of contract agreement preempted where the alleged breach stemmed from a provision that provided that "[a]fter termination of this agreement, [the defendant] shall have no further right to use, reproduce, distribute, display or modify any Agency Works").

Plaintiff's breach of contract claim is premised on Johnson's access to *The Christmas Bachelor,* her alleged intentional sharing of that Work with BobbCat films, and BobbCat's alleged use of the Work to create *The Christmas Fumble.* Indeed, Plaintiff specifically alleged direct copyright infringement: that (1) BobbCat Film's had access to *A Christmas Fumble* and that *A Christmas Fumble* "is a derivative work based on *The Christmas Bachelor.*" (Dkt. 12 at ¶ 45).

Moreover, Plaintiff cannot rely on her claim that Johnson breached the agreement by "misusing confidential information" to create the necessary extra element. The Agreement (attached as Exhibit B) to the Complaint does not have a confidentiality provision. As alleged in the Complaint, the most the Agreement requires is that "[u]pon the expiration of the term, the Producer . . . will immediately return to the Writer all physical materials respecting the Property in his or her possession." (Dkt. 12, pg 22, Agreement, ¶ 3.d). Plaintiff claims that pursuant to the Agreement, "Defendant agreed to exclusively represent Plaintiff's screenplay, *The*

*Christmas Bachelor,* for the purpose of procuring offers from a Major Studio, Distribution Company, or Independent Production Company." (Dkt. 12 at ¶ 41). Thus, Plaintiff's own allegations demonstrate that the Work was not confidential and was meant to be circulated to third parties. Accordingly, the Court should dismiss the breach of contract claim because it is preempted by the Copyright Act.

### 3. Count 3 (Unjust Enrichment) Is Preempted by the Copyright Act

"Quasi-contract claims — like unjust enrichment — are almost always preempted." *Archer,* 2018 U.S. Dist. LEXIS 10961 at *8; 1 Nimmer on Copyright § 1.15[G] ("a state-law cause of action for unjust enrichment or *quasi* contract should be regarded as an 'equivalent right' and, hence, pre-empted insofar as it applies to copyright matter.") (collecting cases). Under Georgia law, a plaintiff may bring an unjust enrichment claim when there is no legal contract, but the plaintiff has conferred a benefit upon the defendant which the defendant equitably ought to return or compensate the plaintiff for. *See e.g., Cates v. Brown*, 357 Ga. App. 326, 330 (2020).

Plaintiff's unjust enrichment claim, like most such claims, is preempted. Plaintiff alleges the very same conduct for both her copyrighting infringement and unjust enrichment claims: BobbCat's copying of her screenplay *The Christmas Bachelor* to create *The Christmas Fumble*. Indeed, Plaintiff's allegations in support

of her unjust enrichment claim mirror those that allegedly support her copyright

infringement claim.

| Count 4: Contributory Copyright Infringement | Count 3: Unjust Enrichment |
|---|---|
| Plaintiff is the sole legal copyright holder of *The Christmas Bachelor*, which is registered with the United States Copyright Office . . . ." (Dkt. 12 at ¶ 57).<br><br>"Defendant Shane Johnson had direct access to *The Christmas Bachelor* . . . ." (Dkt. 12 at ¶ 58). | "Plaintiff conferred a benefit upon Defendants by ***providing access*** to The Christmas Bachelor, ***an original and copyrighted screenplay***, under the terms of the Agreement." (Dkt. 12 at ¶ 51). |
| Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material. (Dkt. 12 at ¶ 61). | "Defendant Bobbcat Films, LLC, ***without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements*** from The Christmas Bachelor to develop, produce, and distribute the film A Christmas Fumble." (Dkt. 12 at ¶ 54). |
| "Defendant Shane Johnson had direct access to *The Christmas Bachelor* . . . ." (Dkt. 12 at ¶ 58).<br><br>"Shane Johnson knowingly provided access to Plaintiff's Work to . . . Defendant BobbCat Films, LLC." (Dkt. 12 at ¶ 59). | "Defendant Shane Johnson, through the Agreement, ***received unfettered access*** to Plaintiff's Work ***and shared it with Roger M. Bobb, head of Defendant Bobbcat Films, LLC***, and others." (Dkt. 12 at ¶ 52). |

| | |
|---|---|
| "Defendant Bobbcat Films, LLC's A Christmas Fumble is substantially similar to the Plaintiff's Work." (Dkt. 12 at ¶¶ 20, 33).<br><br>"Defendant Shane Johnson distributed Plaintiff's Work with the intent of facilitating its unauthorized use in copyright infringement. Defendant Shane Johnson's conduct materially assisted, induced, and facilitated the creation, production, and distribution of *A Christmas Fumble*, which improperly copied Plaintiff's copyrighted material." (Dkt. 12 at ¶ 61). | "Defendant Bobbcat Films, LLC, ***without Plaintiff's authorization, improperly utilized, copied, and derived substantial creative elements*** from The Christmas Bachelor to develop, produce, and distribute the film A Christmas Fumble." (Dkt. 12 at ¶ 54). |

Plaintiff's unjust enrichment claim includes the same elements as her contributory copyright infringement claim without adding any qualitatively different elements. Plaintiff's unjust enrich claim alleges ownership of "an original and copyrighted screenplay" (Dkt. 12 at ¶ 51) which is equivalent to the first element of a copyright infringement claim. Plaintiff also alleges that that Defendants "improperly utilized, copied, and derived substantial creative elements from" her copyrighted work in creating *The Christmas Fumble.* (Dkt. 12 at ¶ 54). That allegation is equivalent to the second element of a copyright infringement claim. There are no additional elements in Count 3 that are substantially different from Plaintiff's copyright claim. Accordingly, Plaintiff's unjust enrichment claim is preempted by Section 301 of the Copyright Act.

## IV.  CONCLUSION

The Court should also dismiss Plaintiff's breach of contract claim (Count 2) and unjust enrichment claim (Count 3) because they are merely a repackaging of her contributory copyright infringement claim. Plaintiff's breach of contract and unjust enrichment claims are therefore preempted by Section 301(a) of the Copyright Act because they are not qualitatively different than Plaintiff's copyright infringement claim. Johnson respectfully requests that the Court grant her Motion to Dismiss.

Respectfully submitted this 23rd day of June, 2025

/s/Robin L. Gentry
Zachary C. Eyster
GA Bar No.: 192335
Kennington R. Groff
GA Bar No.: 782901
Robin L. Gentry
GA Bar No.: 289899
Melanie K. Lane
GA Bar No.: 831941

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
zeyster@founderslegal.com
kgroff@founderslegal.com
rgentry@founderslegal.com
mlane@founderslegal.com
*Counsel for Defendant BobbCat Films LLC and Shane Johnson*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman 14-point font.

Respectfully submitted this 23rd day of June, 2025

*/s/* Robin L. Gentry
Robin L. Gentry
Georgia Bar No. 289899

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHEMARIAH DEROUX,

      Plaintiff,

      v.                                              Case No. 1:25-cv-01566-LMM

BOBBCAT FILMS, LLC, et al.,

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

The foregoing DEFENDANT BOBBCAT FILMS, LLC'S MOTION TO DISMISS was filed using the Court's CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

      Natalie K. Howard, Esq
      _nhoward@nkhlegal.com_

This June 23, 2025

      _/s/_ Robin L. Gentry
      Robin L. Gentry
      Georgia Bar No. 289899