IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHEMARIAH DEROUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:25-CV-01566-LMM |
| | ) | |
| BOBBCAT FILMS, LLC; OWN: OPRAH | ) | |
| WINFREY NETWORK LLC; and | ) | |
| SHANE JOHNSON aka SHANE | ) | |
| JOHNSON-BOBB, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SHANE JOHNSON'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Shane Johnson aka Shane Johnson-Bobb ("Johnson" or "Defendant") respectfully submits her Answer and Defenses to the Amended Complaint (Dkt. No. 12) ("Answer"), filed by Plaintiff Shemariah Deroux ("Deroux" or "Plaintiff"). Except as otherwise expressly admitted, Defendant Johnson denies each and every allegation contained in the Compliant.

For the avoidance of doubt, all headings in this Answer are identical to those stated in the Complaint for the sake of clarity only, and Johnson denies each and every allegation contained in the Complaint headings, except as otherwise expressly admitted.

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof where it otherwise rests with Plaintiff, Johnson sets forth her Affirmative Defenses as follows:

### First Affirmative Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, acquiescence, laches, and/or waiver.

### Fourth Affirmative Defense

If Defendant is liable for the claims asserted against her herein, Plaintiff failed to mitigate the damages by perpetuating, or increasing, those damages through her own wrongful conduct.

### Fifth Affirmative Defense

Defendant Johnson denies that she has knowingly, willfully, or intentionally, infringed or impacted any rights of Plaintiff.

### Sixth Affirmative Defense

If any of Defendant Johnson's conduct constitutes infringement, such conduct was innocent within the meaning of the Copyright Act of other applicable laws.

### Seventh Affirmative Defense

Plaintiff's claims fail because of the doctrine of independent creation.

### Eighth Affirmative Defense

The relief sought in Plaintiff's Amended Complaint are barred in whole or in part by the applicable statute of limitations, including 17 U.S.C. § 507(b).

### Ninth Affirmative Defense

The relief sought in Plaintiff's Amended Complaint is barred because there is no actionable similarity between the works identified in the Amended Complaint.

### Tenth Affirmative Defense

Plaintiff's Amended Complaint is barred by the fact that the alleged infringement is based on elements that are mere ideas and/or scenes-a-faire, are not original, and are not protectable and/or worthy of copyright protection.

### Eleventh Affirmative Defense

To the extent that Defendant has any liability for copyright infringement, which she expressly denies, but assumes solely for the purpose of asserting this

affirmative defense, any such infringement or violation occurred with innocent intent.

## Twelfth Affirmative Defense

Plaintiff's breach of contract and unjust enrichment claims are preempted by the Copyright Act.

## Thirteenth Affirmative Defense

Defendant Johnson reserves the right to assert additional affirmative defenses as they become apparent through investigation and discovery.

## ANSWER TO THE NUMBERED PARAGRAPHS IN THE COMPLAINT

## INTRODUCTION

1. Paragraph 1 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendants deny the allegations.

2. Paragraph 2 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendants deny the allegations.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint.

4. Denied.

## PARTIES

5. Admitted.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7. Admitted.

8. Admitted.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION

10.    Paragraph 10 contains legal conclusions for which no response is required. To the extent they do, Defendant admits that Plaintiff purports to assert a claim under the Copyright Act, and that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Paragraph 11 contains legal argument for which no response is required. To the extent that a response is required, Defendant does not dispute this Court's jurisdiction over Defendant but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies the remaining allegations.

12.    Paragraph 12 contains legal argument for which no response is required. To the extent that a response is required, Defendant does not dispute venue as to Defendant. Defendant specifically denies that she has committed any "acts of

infringement." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12 and on that basis denies the allegations.

## FACTUAL BACKGROUND

13.     Defendant incorporates the foregoing paragraphs as if fully set forth herein.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint and denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint and denies the same.

16.     Defendant admits that she entered into a Screenplay Shopping Agreement with Plaintiff. Defendant denies the remaining allegations of Paragraph 16.

17.     Johnson admits that she had access to a version of *The Christmas Bachelor.* Defendant admits that she provided Roger Bobb the version of the Work, which was shopped to BET pursuant to the Agreement. Defendant denies any and all remaining allegations of Paragraph 17.

18.      Admitted.

19.     Defendant admits that temporally Defendant had access to at least a version of Plaintiff's Work prior to *A Christmas Fumble's* release date. Defendant specifically denies that Plaintiff's Work was used in the creation of *A Christmas Fumble* which was independently created. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant further specifically denies any act of infringement. Defendant denies any and all remaining allegations of Paragraph 19.

20.     Denied.

21.     Johnson admits that Plaintiff sent a letter on or around December 2024. Johnson specifically denies infringement. Johnson denies any and all remaining allegations of Paragraph 21.

22.     Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are substantially similar. Defendant admits that a character in each is a former football player named Jordan who hires a PR firm. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 22.

23.     Defendant admits that Plaintiff's Work contained a character named Betty Ann who worked in public relations. Defendant further admits that a character named Daphne who is characterized as the "Queen of Crisis Management" appears in *A Christmas Fumble* Defendant specifically denies that *The Christmas Bachelor* and *A Christmas Fumble* are substantially similar. Defendant denies any and all remaining allegations of Paragraph 23.

24.     Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24.

   a. Defendant denies that any alleged "subplot" is strikingly similar or substantially similar. Defendant denies infringement. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(a).

b. Defendant denies striking similarity and substantial similarity. Defendant denies infringement. Defendant avers that any similarity in scenes that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(b).

c. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(c).

25.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief

as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25.

    a.  Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(a).

    b.  Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(b).

    c.  Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers

that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(c).

26.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant admits that there were romantic sublots in *A Christmas Fumble* as well as in *The Christmas Bachelor*. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and remaining allegations of Paragraph 26.

a. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information

sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(a).

b.  Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(b).

27.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement.

a. Defendant admits that *A Christmas Fumble* contains a scene where the protagonist introduces his fiancée. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 27 of the Complaint and therefore denies the same. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected

in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 27(a).

b. Denied. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 27(b).

c. Defendant admits that as in nearly every romantic comedy both works concluded with the lead couple becoming romantically involved. Defendant denies that The Christmas Bachelor and A Christmas Fumble are either strikingly similar or substantially similar. Defendant denies infringement. Defendant denies any and all remaining allegations of Paragraph 27(c).

d. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information

sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(a).

e. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(b).

28.     Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 27.

a. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot

be protected by copyright.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 27(a).

b. Defendant denies strikingly similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 27(b).

## COUNT 1: COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT BOBBCAT FILMS, LLC

29.    Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    The allegations contained in Paragraph 29 are not directed at Johnson and therefore do not require a response. Paragraph 29 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendants deny the allegations.

31.    The allegations contained in Paragraph 30 are not directed at Johnson and therefore do not require a response. To the extent that a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the same.

32.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant admits that she provided a version of *A Christmas Bachelor* to Roger Bobb. Defendant denies any and all remaining allegations of Paragraph 32.

33.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

34.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

35.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

36.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

37.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

38.     The allegations contained in Paragraph 31 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

## COUNT 2: BREACH OF CONTRACT
## AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

39.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.     Paragraph 40 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendants deny the allegations.

41.     Defendant admits that she entered into the Agreement, which Plaintiff has attached as an Exhibit. The Agreement speaks for itself. Defendant denies the allegations of Paragraph 41 to the extent they are inconsistent with the language in the Agreement.

42.     Defendant admits that she entered into the Agreement, which Plaintiff has attached as an Exhibit. The Agreement speaks for itself. Defendant denies the allegations of Paragraph 42 to the extent they are inconsistent with the language in the Agreement.

43.     Defendant admits that she entered into the Agreement, which Plaintiff has attached as an Exhibit. The Agreement speaks for itself. Defendant denies the allegations of Paragraph 43 to the extent they are inconsistent with the language in the Agreement.

44.     Admitted.

45.     Denied, except that Johnson admits that she shared a version of *The Christmas Bachelor* the Roger Bobb of BobbCat Films and with BET.

46.     Denied.

47.     Denied.

48.     Denied.

## COUNT 3: UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS
## PLED DIRECTLY AGAINST DEFENDANT BOBBCAT FILMS, LLC &
## DEFENDANT OWN: OPRAH WINFREY NETWORK LLC PLED IN THE
## ALTERNATIVE AGAINST DEFENDANT SHANE JOHNSON a/k/a
## SHANE JOHNSON-BOBB

49.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

50.     Paragraph 50 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

51.     Johnson admits that Plaintiff provided her with access to a version of *A Christmas Bachelor.* Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to whether the version of *A Christmas Bachelor*

that Plaintiff gave Johnson was an original and copyrighted screenplay and on that basis denies the allegations. Johnson admits that she entered into the Agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 51 and thus denies the allegations on that basis.

52.     Johnson admits that, through the Agreement, she received access to a version of Plaintiff's Work. Defendant Johnson further admits that she provided access to that version of Plaintiff's Work to Roger Bobb. Defendant denies any and all remaining allegations set forth in Paragraph 52.

53.     Denied

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 62 of the Complaint and therefore denies the same.

55.     Denied.

56.     Defendant denies that any Defendant used Plaintiff's Work. Thus, Plaintiff was not due any compensation. Defendant denies any and all remaining allegations of Paragraph 56.

57.     Denied.

58.     Denied.

59.     Denied.

## COUNT 4: CONTRIBUTY COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

55.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     Paragraph 56 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 62 of the Complaint and therefore denies the same.

58.     Defendant admits that she had access to a version of *The Christmas Bachelor* through the Agreement, which speaks for itself. Defendant denies any and all remaining allegations of Paragraph 58.

59.     Defendant Johnson admits that she provided access to that version of Plaintiff's Work to Roger Bobb. Defendant denies infringement. Defendant denies any and all remaining allegations set forth in Paragraph 59.

60.     Defendant denies any infringement. Defendant denies any and all remaining allegations set forth in Paragraph 60.

61.     Denied.

62.     Denied.

63.     Denied.

**COUNT 5: VICARIOUS COPYRIGHT INFRINGEMENT
AGAINST DEFENDANT OWN: OPRAH WINFREY NETWORK LLC**

64.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

65.     The allegations contained in Paragraph 65 are not directed at Johnson and therefore do not require a response. Paragraph 65 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

66.     The allegations contained in Paragraph 66 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, denied.

67.     The allegations contained in Paragraph 67 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 67 of the Complaint and therefore denies the same.

68.     The allegations contained in Paragraph 68 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 68 of the Complaint and therefore denies the same.

69.     The allegations contained in Paragraph 69 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 69 of the Complaint and therefore denies the same.

70.     The allegations contained in Paragraph 70 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 70 of the Complaint and therefore denies the same.

71.     The allegations contained in Paragraph 71 are not directed at Johnson and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 71 of the Complaint and therefore denies the same.

72.     The allegations contained in Paragraph 72 are not directed at Johnson and therefore do not require a response. To the extent a response is required, denied.

## **JURY TRIAL DEMAND**

Defendant demands a trial by jury on all counts so triable.

## **REQUEST FOR RELIEF**

Defendant Johnson denies each and every allegation not expressly admitted herein, including but not limited to, all claims for relief appearing in the Complaint's "Request for Relief".

**WHEREFORE,** Defendant BobbCat prays for judgment as follows:

    a.  That judgment be entered for Defendant against Plaintiff;

    b.  That Plaintiff take nothing by way of its Complaint;

    c.  That each and every purported claim for relief against Defendant set forth in the Amended Complaint be dismissed with prejudice;

    d.  For costs of suit, including reasonable attorneys' fees incurred herein and to the extent permitted by law; and

    e.  For such other and further relief as the Court may deem just and proper in favor of Defendant.

Respectfully submitted this 23rd day of June, 2025.

By Counsel

*/s/Robin L. Gentry*
Zachary C. Eyster
GA Bar No.: 192335
Kennington R. Groff
GA Bar No.: 782901
Robin Gentry

GA Bar No.:
Melanie K. Lane
GA Bar No.: 831941

Bᴇᴋɪᴀʀᴇꜱ Eʟɪᴇᴢᴇʀ, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
zeyster@founderslegal.com
kgroff@founderslegal.com
rgentry@founderslegal.com
mlane@founderslegal.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHEMARIAH DEROUX,

      Plaintiff,

    v.

BOBBCAT FILMS, LLC, et al.,

      Defendants.

Case No. 1:25-cv-01566-LMM

## **CERTIFICATE OF SERVICE**

The foregoing *DEFENDANT SHANE JOHNSON'S ANSWER AND AFFIRMATIVE DEFENSES* was filed using the Court's CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

> Natalie K. Howard, Esq
> *nhoward@nkhlegal.com*

This June 23, 2025

> */s/* Robin L. Gentry
> Robin L. Gentry
> Georgia Bar No. 289899