IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHEMARIAH DEROUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:25-CV-01566-LMM |
| | ) | |
| BOBBCAT FILMS, LLC; OWN: OPRAH | ) | |
| WINFREY NETWORK LLC; and | ) | |
| SHANE JOHNSON aka SHANE | ) | |
| JOHNSON-BOBB, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOBBCAT FILMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant BobbCat Films, LLC ("BobbCat" or "Defendant") respectfully submits their Answer and Defenses to the Amended Complaint (Dkt. No. 12) ("Answer"), filed by Plaintiff Shemariah Deroux ("Deroux" or "Plaintiff"). Except as otherwise expressly admitted, Defendant BobbCat denies each and every allegation contained in the Compliant.

For the avoidance of doubt, all headings in this Answer are identical to those stated in the Complaint for the sake of clarity only, and BobbCat denies each and every allegation contained in the Complaint headings, except as otherwise expressly admitted.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Johnson sets forth her Affirmative Defenses as follows:

### First Affirmative Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, acquiescence, laches, and/or waiver.

### Fourth Affirmative Defense

If Defendant is liable for the claims asserted against her herein, Plaintiff failed to mitigate the damages by perpetuating, or increasing, those damages through her own wrongful conduct.

### Fifth Affirmative Defense

Defendant BobbCat denies that it has knowingly, willfully, or intentionally, infringed or impacted any rights of Plaintiff.

### Sixth Affirmative Defense

If any of Defendant BobbCat's conduct constitutes infringement, such conduct was innocent within the meaning of the Copyright Act of other applicable laws.

### Seventh Affirmative Defense

Plaintiff's claims fail because of the doctrine of independent creation.

### Eighth Affirmative Defense

The relief sought in Plaintiff's Amended Complaint are barred in whole or in part by the applicable statute of limitations, including 17 U.S.C. § 507(b).

### Ninth Affirmative Defense

The relief sought in Plaintiff's Amended Complaint is barred because there is no actionable similarity between the works identified in the Amended Complaint.

### Tenth Affirmative Defense

Plaintiff's Amended Complaint is barred by the fact that the alleged infringement is based on elements that are mere ideas and/or scenes-a-faire, are not original, and are not protectable and/or worthy of copyright protection.

### Eleventh Affirmative Defense

To the extent that Defendant has any liability for copyright infringement, which it expressly denies, but assumes solely for the purpose of asserting this

affirmative defense, any such infringement or violation occurred with innocent intent.

**Twelfth Affirmative Defense**

Defendant BobbCat reserves the right to assert additional affirmative defenses as they become apparent through investigation and discovery.

## ANSWER TO THE NUMBERED PARAGRAPHS IN THE COMPLAINT

### INTRODUCTION

1. Paragraph 1 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

2. Paragraph 2 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint.

4. Denied.

### PARTIES

5. Admitted.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint.

7. Admitted.

8. Admitted.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 9 of the Complaint.

## JURISDICTION

10.     Paragraph 10 contains legal conclusions for which no response is required. To the extent they do, Defendant admits that Plaintiff purports to assert a claim under the Copyright Act, and that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     Paragraph 11 contains legal argument for which no response is required. To the extent that a response is required, Defendant does not dispute this Court's jurisdiction over Defendant but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies the remaining allegations.

12.     Paragraph 12 contains legal argument for which no response is required. To the extent that a response is required, Defendant does not dispute venue as to Defendant. Defendant specifically denies that it has committed any "acts of infringement." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 12 and on that basis denies the allegations.

## FACTUAL BACKGROUND

13.     Defendant incorporates the foregoing paragraphs as if fully set forth herein.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint and denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint and denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 16 of the Complaint and denies the same.

17.     Defendant admits that Johnson provided access to a version of Plaintiff's Work *The Christmas Bachelor* to Roger Bobb of BobbCat which was shopped to BET. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

19.     Defendant admits that temporally Defendant had access to at least a version of Plaintiff's Work prior to *A Christmas Fumble's* release date. Defendant specifically denies that Plaintiff's Work was used in the creation of *A Christmas Fumble* which was independently created. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant further specifically denies any act of infringement. Defendant denies any and all remaining allegations of Paragraph 19.

20.     Denied.

21.     BobbCat admits that Plaintiff sent a letter on or around December 2024. BobbCat denies any and all remaining allegations in Paragraph 21.

22.     Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are substantially similar. Defendant admits that a character in each is a former football player named Jordan who hires a PR firm. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 22.

23.     Defendant admits that Plaintiff's Work contained a character named Betty Ann who worked in public relations. Defendant further admits that a character

named Daphne who is characterized as the "Queen of Crisis Management" appears in *A Christmas Fumble* Defendant specifically denies that *The Christmas Bachelor* and *A Christmas Fumble* are substantially similar. Defendant denies any and all remaining allegations of Paragraph 23.

24.     Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24.

   a. Defendant denies that any alleged "subplot" is strikingly similar or substantially similar. Defendant denies infringement. Defendant avers that any similarity is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(a).

   b. Defendant denies striking similarity and substantial similarity. Defendant denies infringement. Defendant avers that any similarity in scenes that may exist is merely due to unprotectable elements,

including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(b).

c. Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 24(c).

25.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25.

a. Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any

similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(a).

b. Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(b).

c. Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information

sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 25(c).

26.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement. Defendant admits that there were romantic sublots in *A Christmas Fumble* as well as in *The Christmas Bachelor*. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and remaining allegations of Paragraph 26.

    a.  Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(a).

    b.  Defendant denies striking similarity or that the works are substantially similar. Defendant denies infringement. Defendant avers that any

similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy as to the specific allegations regarding any remaining allegations of Paragraph 26(b).

27.    Defendant denies that *The Christmas Bachelor* and *A Christmas Fumble* are either strikingly similar or substantially similar. Defendant denies infringement.

    a.  Defendant admits that *A Christmas Fumble* contains a scene where the protagonist introduces his fiancée. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 27 of the Complaint and therefore denies the same. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 27(a).

    b.  Denied. Defendant avers that any similarity that may exist is merely due to unprotectable elements, including mere ideas, scenes a faire

and/or common tropes that are so common or expected in the particular genre that they cannot be protected by copyright. Defendant denies any and all remaining allegations of Paragraph 27(b).

c.  Defendant admits that as in nearly every romantic comedy both works concluded with the lead couple becoming romantically involved. Defendant denies that The Christmas Bachelor and A Christmas Fumble are either strikingly similar or substantially similar. Defendant denies infringement. Defendant denies any and all remaining allegations of Paragraph 27(c).

## COUNT 1: COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT BOBBCAT FILMS, LLC

28.    Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

29.    Paragraph 29 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 30 of the Complaint and therefore denies the same.

31.    Denied.

32.    Defendant admits that it had access to a version of *The Christmas Bachelor* through Shane Johnson. Defendant denies any and all allegations of Paragraph 32.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

## COUNT 2: BREACH OF CONTRACT
## AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

39.    Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.    The allegations contained in Paragraph 31 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Paragraph 31 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

41.    The allegations contained in Paragraph 41 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations set forth in Paragraph 41 of the Complaint and therefore denies the same.

42.    The allegations contained in Paragraph 42 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 42 of the Complaint and therefore denies the same.

43.    The allegations contained in Paragraph 43 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 43 of the Complaint and therefore denies the same.

44.    The allegations contained in Paragraph 44 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 44 of the Complaint and therefore denies the same.

45.    The allegations contained in Paragraph 45 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant admits that Shane Johnson provided Roger Bobb and BET with the

screenplay.  Defendant denies that *A Christmas Fumble* is a derivative work based on *The Christmas Bachelor.* Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 45 of the Complaint and therefore denies the same.

46.    The allegations contained in Paragraph 46 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 46 of the Complaint and therefore denies the same.

47.    The allegations contained in Paragraph 47 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 47 of the Complaint and therefore denies the same.

48.    The allegations contained in Paragraph 45 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 48 of the Complaint and therefore denies the same.

## COUNT 3: UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

## PLED DIRECTLY AGAINST DEFENDANT BOBBCAT FILMS, LLC & DEFENDANT OWN: OPRAH WINFREY NETWORK LLC PLED IN THE ALTERNATIVE AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

49.    Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

50.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

51.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

52.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

53.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

54.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

55.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

56.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

57.    Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

58.     Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

59.     Plaintiff has withdrawn Count 3 as to Defendant and so no response is required. *See* Dkt. 24.

## COUNT 4: CONTRIBUTY COPYRIGHT INFRINGEMENT AGAINST DEFENDANT SHANE JOHNSON a/k/a SHANE JOHNSON-BOBB

55.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     The allegations contained in Paragraph 56 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Paragraph 56 contains legal conclusions that do not necessitate a response. Defendant denies the allegations.

57.     The allegations contained in Paragraph 57 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 57 of the Complaint and therefore denies the same.

58.     The allegations contained in Paragraph 58 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth

or accuracy of the allegations set forth in Paragraph 58 of the Complaint and therefore denies the same.

59.     The allegations contained in Paragraph 58 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant admits that Johnson provided access to a version of *The Christmas Bachelor* to Roger Bobb. Defendant denies any and all remaining allegations set forth in Paragraph 59 of the Complaint and therefore denies the same.

60.     The allegations contained in Paragraph 60 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 60 of the Complaint and therefore denies the same.

61.     The allegations contained in Paragraph 61 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement and denies that *A Christmas Fumble* copied Plaintiff's allegedly copyrighted material. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 61 of the Complaint and therefore denies the same.

62.     The allegations contained in Paragraph 62 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, denied.

63.     The allegations contained in Paragraph 6 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, denied.

**COUNT 5: VICARIOUS COPYRIGHT INFRINGEMENT AGAINST DEFENDANT OWN: OPRAH WINFREY NETWORK LLC**

64.     Defendant incorporates by reference the foregoing paragraphs as if fully set forth herein.

65.     The allegations contained in Paragraph 65 are not directed at Defendant and therefore do not require a response. Paragraph 65 contains legal conclusions that do not necessitate a response. To the extent a response is required, Defendant denies the allegations.

66.     The allegations contained in Paragraph 66 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, denied.

67.     The allegations contained in Paragraph 67 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 67 of the Complaint and therefore denies the same.

68.    The allegations contained in Paragraph 68 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 68 of the Complaint and therefore denies the same.

69.    The allegations contained in Paragraph 69 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 68 of the Complaint and therefore denies the same.

70.    The allegations contained in Paragraph 70 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 70 of the Complaint and therefore denies the same.

71.    The allegations contained in Paragraph 71 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, Defendant denies infringement. Defendant lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of any and all remaining allegations set forth in Paragraph 71 of the Complaint and therefore denies the same.

72.    The allegations contained in Paragraph 68 are not directed at Defendant and therefore do not require a response. To the extent that a response is required, denied.

## JURY TRIAL DEMAND

Defendant demands a trial by jury on all counts so triable.

## REQUEST FOR RELIEF

Defendant BobbCat denies each and every allegation not expressly admitted herein, including but not limited to, all claims for relief appearing in the Complaint's "Request for Relief".

**WHEREFORE,** Defendant BobbCat prays for judgment as follows:

a.   That judgment be entered for Defendant against Plaintiff;

b.   That Plaintiff take nothing by way of its Complaint;

c.   That each and every purported claim for relief against Defendant set forth in the Amended Complaint be dismissed with prejudice;

d.   For costs of suit, including reasonable attorneys' fees incurred herein and to the extent permitted by law; and

e.   For such other and further relief as the Court may deem just and proper in favor of Defendant.

Respectfully submitted this 23rd day of June, 2025.

By Counsel

*/s/Robin L. Gentry*
Zachary C. Eyster
GA Bar No.: 192335
Kennington R. Groff
GA Bar No.: 782901
Robin Gentry
GA Bar No.:
Melanie K. Lane
GA Bar No.: 831941

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
zeyster@founderslegal.com
kgroff@founderslegal.com
rgentry@founderslegal.com
mlane@founderslegal.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SHEMARIAH DEROUX,

    Plaintiff,

    v.                              Case No. 1:25-cv-01566-LMM

BOBBCAT FILMS, LLC, et al.,

    Defendants.

## **<u>CERTIFICATE OF SERVICE</u>**

The foregoing *DEFENDANT BOBBCAT FILMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES* was filed using the Court's CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

Natalie K. Howard, Esq
<u>nhoward@nkhlegal.com</u>

This June 23, 2025

/s/ Robin L. Gentry
Robin L. Gentry
Georgia Bar No. 289899