# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHEMARIAH DEROUX,<br><br>Plaintiff,<br><br>v.<br><br>BOBBCAT FILMS, LLC,<br>OWN: OPRAH WINFREY<br>NETWORK, LLC., and SHANE<br>JOHNSON aka SHANE JOHNSON-<br>BOBB<br><br>Defendant. | Civil Action No.<br><br>1:25-cv-01566-LMM |

## PLAINTIFF'S REPLY TO DEFENDANT SHANE BOBB'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FRCP 41(a)(2)

COMES NOW, SHEMARIAH DEROUX (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, respectfully files her reply to Defendant Shane Bobb aka Shane Johnson-Bobb's Response to Plaintiff's Motion to Dismiss Without Prejudice as follows:

## I. <u>Defendant's Opposition Misstates the Governing Standard</u>

Defendant contends that Plaintiff is procedurally barred from seeking dismissal of her breach of contract claim without prejudice because she did not respond to Defendant's earlier Motion to Dismiss. Defendant argues that under Local Rule 7.1(B), Plaintiff's non-response should be deemed a concession warranting dismissal with prejudice.

This argument overlooks the governing standard under Rule 41(a)(2) and binding Eleventh Circuit precedent. The decision whether to grant a voluntary dismissal and on what terms is vested in the Court's broad discretion. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

## II. <u>The Eleventh Circuit Strongly Favors Dismissals Without Prejudice</u>

In McCants, the Eleventh Circuit held that voluntary dismissals should generally be granted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Id. at 856–57. The Court further emphasized that "there is no bar to a voluntary dismissal merely because the plaintiff may obtain some tactical advantage over the defendant in future litigation." Id. at 857.

Here, Defendant has not shown any plain legal prejudice that would result from dismissal without prejudice. Her only objection is that Plaintiff might later refile the breach of contract claim. But under McCants, that is not a sufficient basis to deny dismissal without prejudice.

### III. Local Rule 7.1(B) Does Not Mandate Dismissal With Prejudice

Defendant's reliance on Local Rule 7.1(B) is misplaced. Even if the rule deems a failure to respond as non-opposition, it does not convert Defendant's prior motion into a merits ruling nor strip the Court of its discretion under Rule 41(a)(2). Federal courts in this Circuit have consistently held that dismissal with prejudice is a harsh remedy, appropriate only where amendment would be futile or where the defendant demonstrates actual legal prejudice.

### IV. Plaintiff Has Acted in Good Faith

Plaintiff's motion was filed in good faith and not for purposes of delay or harassment. Plaintiff merely seeks to voluntarily dismiss claims at this early stage of litigation, which Rule 41(a)(2) expressly permits. The equities therefore weigh heavily in favor of granting dismissal without prejudice.

### CONCLUSION

For the foregoing reasons, and consistent with McCants v. Ford Motor Co., Plaintiff respectfully requests that this Court grant her Motion to Dismiss Without

Prejudice pursuant to Rule 41(a)(2) and reject Defendant's request to condition dismissal of the breach of contract claim with prejudice.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order dismissing all Plaintiff's claims in this action without prejudice and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

This 7th day of September 2025.

/s/Natalie K. Howard
Natalie K. Howard, Esq. GA Bar No. 889108
*Attorney for Plaintiff*

**The Law Office of Natalie K. Howard, LLC**
3675 Crestwood Parkway NW, Suite 400
Duluth, GA 30096
Phone: 678-252-2150
Fax: 678-252-2183
nhoward@nkhlegal.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman 14-point font.

This 7th day of September 2025.

/s/Natalie K. Howard
Natalie K. Howard, Esq. GA Bar No. 889108
*Attorney for Plaintiff*

**The Law Office of Natalie K. Howard, LLC**
3675 Crestwood Parkway NW, Suite 400
Duluth, GA 30096
Phone: 678-252-2150
Fax: 678-252-2183
nhoward@nkhlegal.com

## **CERTIFICATE OF SERVICE**

The foregoing PLAINTIFF'S REPLY TO DEFENDANT SHANE JOHNSON aka SHANE JOHNSON-BOBB' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE was filed using the Court's CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of this filing to counsel of record:

Robin L. Gentry, Esq.

rgentry@founderslegal.com

E. Allen Page, Esq.

page@bmelaw.com

This 7th day of September, 2025.

/s/Natalie K. Howard
Natalie K. Howard, Esq. GA Bar No. 889108
*Attorney for Plaintiff*

**The Law Office of Natalie K. Howard, LLC**
3675 Crestwood Parkway NW, Suite 400
Duluth, GA 30096
Phone: 678-252-2150
Fax: 678-252-2183
nhoward@nkhlegal.com